UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON DOOLITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:17-cv-4496 |
| | ) | |
| JAS TRUCKING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Ms. Brandon Doolittle, hereinafter Mr. Doolittle, by

counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, JAS

Trucking, Inc., hereinafter Defendant, and shows the Court the following:


## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343

   and 1345. This is an action authorized and instituted pursuant to the Americans with

   Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101et seq., Title VII of the Civil Rights

   Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and

   violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed

   within the jurisdiction of the United States District Court for the Southern District of

   Indiana, Indianapolis Division. Therefore, venue is proper within this District and

   Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Doolittle, is a male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about June 4, 2017, Mr. Doolittle filed charges of Disability Discrimination, along with failure to comply with the FMLA against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2017-02179.

8. On or about September 6, 2017, Mr. Doolittle received a Notice of Right to Sue from the EEOC for Charge Number 470-2017-02179, entitling him to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Doolittle on or about December, 2015.

11. Throughout his employment with Defendant, Mr. Doolittle met or exceeded Defendant's legitimate expectations of performance.

12. Mr. Doolittle suffers with substance abuse.

13. Substance abuse is considered a disability under the Americans with Disabilities Act.

14. On or about January 30, 2017, Mr. Doolittle informed the Defendant of his substance abuse disability.

15. Mr. Doolittle informed management that he would be needing some leave for treatment of his substance abuse.

16. The day after informing management of his disability Mr. Doolittle was terminated.

17. Mr. Doolittle was told he was being fired due to his substance abuse.

18. Mr. Doolittle was terminated due to his disability.

19. The Defendant discriminated against Mr. Doolittle due to his disability.

20. The Defendant failed to accommodate Mr. Doolittle's disability.

21. Mr. Doolittle was FMLA eligible.

22. The Defendant failed to offer Mr. Doolittle FMLA.

23. The Defendant intentionally discriminated against Mr. Doolittle as a result of his disability.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Doolittle, for his first claim for relief against Defendant, states as follows:

3

24. Mr. Doolittle hereby incorporates by reference paragraphs 1 through 23 as though previously set out herein.

25. At all times relevant to this action, Mr. Doolittle was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

26. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Doolittle's disability.

27. The Defendant failed to communicate with Mr. Doolittle concerning his disability as required by the ADA.

28. The Defendant intentionally and willfully discriminated against Mr. Doolittle because he is disabled and/or because Mr. Doolittle has a record of being disabled and/or because the Defendant regarded Mr. Doolittle as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

29. Defendant's actions were intentional, willful and in reckless disregard of Mr. Doolittle's rights as protected by the ADA.

30. Mr. Doolittle has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## FAMILY MEDICAL LEAVE ACT

31. Mr. Doolittle hereby incorporates by reference paragraphs 1 through 30 as though previously set out herein.

32. The Defendant was aware that Mr. Doolittle had an FMLA qualifying event.

33. The Defendant was aware that Mr. Doolittle may need to miss work due to a disability.

34. The Defendant failed to offer Mr. Doolittle benefits under the FMLA.

35. Defendant failed to give Mr. Doolittle proper notice as required under the FMLA.

36. Defendant's termination of Mr. Doolittle was in violation of his rights under the FMLA.

37. Defendant failed to give Mr. Doolittle notice of his rights under the FMLA.

38. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Mr. Doolittle's legal rights under the FMLA.

39. Mr. Doolittle has suffered emotional and economic damages as a result of Defendant's unlawful acts.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Mr. Doolittle, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Doolittle his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Mr. Doolittle all costs and attorney's fees incurred as a result of bringing this action;

h.  Payment of all pre- and post judgment interest;

i.  Provide to Mr. Doolittle all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Doolittle, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff